UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------

TRUSTEES OF THE SHEET METAL WORKERS'           )
INTERNATIONAL ASSOCIATION LOCAL UNION          )        Index No.:   16-CIV-7236
NO. 28 BENEFIT FUNDS,                          )
                                               )        COMPLAINT
                          Plaintiffs,          )
                                               )
            -against-                          )
                                               )
AIR WISE HEATING & COOLING INC. and            )
ANJANEE SEOKARRAN, Individually,               )
                                               )
                          Defendants.          )

------------------------------------------------------------------------

Plaintiffs, Trustees of the Sheet Metal Workers' International Association Local Union No. 28

Benefit Funds (hereinafter referred to as the "Funds") by their attorneys Barnes, Iaccarino & Shepherd

LLP allege as follows:

## JURISDICTION AND VENUE

1.  This civil action is based on the provisions of Section 301 of the Labor Management Relations

Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") 29 U.S.C. Section 185, and on Section

502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter

referred to as "ERISA") (29 U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

2.  Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C.

Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f));

and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

3.  Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C.

Section 1132(e)(2)) and Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C.

Section 1391(b).

4.  This action is brought by the respective Trustees of the Funds in their fiduciary capacities for

monetary damages and other equitable relief under ERISA and for breach of a labor contract to secure

performance by an Employer of specific statutory and contractual obligations to submit the required

monetary contributions and/or reports to the Plaintiffs in a timely fashion.

## PARTIES

5.   The Plaintiffs' Trustees are, at all relevant times, the fiduciaries of jointly administered multi-

employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA

(29 U.S.C. Sections 1002(21)(A) and 1132(a)(3)).   The Funds are established and maintained by the Sheet

Metal Workers' International Association Local Union No. 28 (hereinafter referred to as the "Union") and

various Employers pursuant to the terms of the Collective Bargaining Agreements and Trust Indentures in

accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. Section 186 (c)(5)).   The Funds

are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29

U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1)), and multi-employer plans within the meaning of

Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145).   Plaintiffs are Trustees of the

Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section

1002(16)(B)(iii)).

6.   The Funds provide fringe benefits to eligible employees, retirees and their dependents on whose

behalf the Employer is required to contribute to the Funds pursuant to its Collective Bargaining

Agreement (hereinafter referred to as the "Agreement") between the Employer and the Union.   The Funds

are authorized to collect contributions on behalf of the employees from the Employers, and the Plaintiffs'

Trustees as fiduciaries of the Funds are authorized to maintain suit as independent legal entities under

Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce

the provisions of the Collective Bargaining Agreement and Trust Indentures that concern the protection of

employee benefit rights.

7.  The Funds' maintain an office for the transaction of business at 500 Greenwich Street, New York, NY 10013, in the County of New York.

8. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. Section 142), and Section 3(4) of ERISA (29 U.S.C. Section 1002(4)), and as further defined in Section 12 of the General Associations Law of the State of New York.

9.  The Union maintains an office and is administered at 500 Greenwich Street, New York, NY 10013 in the County of New York.

10. Upon information and belief, the Defendant, Air Wise Heating & Cooling Inc. (hereinafter referred to as "the Employer" or "Corporate Defendant") at all relevant times, was and/or is an "Employer" within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145) and was and/or still is an Employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

11. Upon information and belief, the Employer was and/or is a for-profit domestic corporation with its principal place of business at 103-22 110th Street, Richmond Hill, NY 11419, in the County of Queens.

12. Upon information and belief, the Defendant, Anjanee Seokarran (hereinafter referred to as "Individual Defendant") is/or was a principal owner of the Corporate Defendant and, at all times relevant herein, maintains an address at 246 N. Day Street, Orange, NJ 07050, in the County of Essex.

13.  Upon information and belief, the Individual Defendant exercised control over the activities and operations of the Corporate Defendant and determines whether or not Corporate Defendant makes contributions to the Funds.

14.  Corporate Defendant is in an industry affecting commerce as defined in ERISA Section 3(5), (11) and (12) 29 U.S.C. Section 1002(5), (11) and (12).  Corporate Defendant and Individual Defendant are Employers of employees covered by employee benefit plans and multi-employer plans maintained pursuant to collective bargaining agreements, all as defined in ERISA Section 3(3) and (37), and are obligated to make contributions to the Plans in accordance with ERISA Section 515 29 U.S.C. Section 1145.

15.  Corporate Defendant and Individual Defendant are a party in interest with respect to the Plans as defined in ERISA Section 3(14)(H) 29 U.S.C. Section 1002(14)(H) and act directly as an Employer and/or indirectly in the interest of an Employer in relation to the Plans, all as defined in ERISA Section 3(5) 29 U.S.C. Section 1002(5).

16.  To the extent that Individual Defendant exercised authority and/or control with respect to the management or disposition of assets of an ERISA covered plan, he is a fiduciary within the meaning of ERISA Section 3(21)(A) 29 U.S.C. Section 1002(21)(A)

## CAUSES FOR RELIEF
## AS AND FOR A FIRST CLAIM FOR RELIEF
## FOR BREACH OF CONTRACT

17.   Plaintiffs repeat, reiterate and re-allege each and every allegation contained in Paragraphs "1" through "16" of this Complaint as if fully set forth at length herein.

18. The Corporate Defendant executed an Agreement with the Union and/or was and still is a party to an Agreement with the Union by virtue of membership in an Employer Association.

19. The Agreement and/or Policy for Collection of Delinquent Contributions (hereinafter referred to as the "Policy") requires the Corporate Defendant to submit contribution reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set

forth in the Agreement for all work performed by its employees covered by the Agreement and to remit such monetary contributions in accordance with the Agreement.

20. Upon information and belief, as a result of work performed by the individual employees of the Corporate Defendant pursuant to the Agreement there became due and owing to the Funds from the Employer fringe benefit contributions.

21. The Employer has failed and refused to remit to the Funds those reports and fringe benefit contributions due and owing under the Agreement and Policy for the period May 5, 2016 through to and including September 7, 2016 in the minimum principal amount of $9,088.09.

22. These amounts described in Paragraph 21 above are due and owing to the Funds and Union and are based upon employer remittance reports.

23. The Employer has also failed and refused to remit late charges for the period July 15, 2015 through to and including September 16, 2015 in the minimum principal amount of $520.37.

24. The Employer's failure, refusal or neglect to remit the proper contributions and/or reports to the Plaintiffs constitutes a violation of the Agreement between the Employer and the Union wherein the Funds are third party beneficiaries.

25. Pursuant to the Agreement and the Policy upon the Employer's failure to timely remit payment of fringe benefit contributions same shall be subject to interest and liquidated damages.  In addition, if enforcement or collection procedures shall be commenced against an employer, such Employer shall be required to pay the reasonable cost of expenses including attorney's fees, court costs and disbursements.

26. Accordingly, pursuant to the Agreement the Employer is liable to Plaintiffs for contributions in the minimum principal amount of $9,088.09 and late charges in the minimum principal amount of $520.37, plus interest, liquidated damages, attorneys' fees, court costs and disbursements.

## AS AND FOR A SECOND CLAIM FOR RELIEF
## FOR ERISA OBLIGATIONS

27. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in Paragraphs "1" through "26" of this Complaint as if fully set forth at length herein.

28. Section 515 of ERISA, (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of the Agreement.

29. The Defendants have failed to pay or timely pay the fringe benefit contributions and/or submit the contribution report to Plaintiffs owed as a result of work performed by individual employees of the Corporate Defendant. Such failure to make timely payment constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

30. Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. Section 1145) which requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements, the Court shall award payment to a plaintiffs' fund the unpaid fringe benefit contributions, plus liquidated damages and interest on the unpaid principal amount due, together with attorneys' fees, court costs and disbursements incurred in the action.

31. The failure to pay has injured the Funds by delaying the investment of contributions and causing unnecessary administrative costs for the Funds and has injured the participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contribution amounts.

32. Accordingly, the Defendants are liable to Plaintiffs under the Agreement and Policy concerning the payment of fringe benefit contributions under Sections 502 and 515 of ERISA (29 U.S.C. Sections 1132 and 1145) due to the failure to pay contributions when they are due.

33. Accordingly, the Defendants are liable to the Funds for contributions in the minimum principal amount of $9,088.09 and late charges $520.37, plus interest, liquidated damages, attorneys' fees, court costs and disbursements pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

### AS AND FOR A THIRD CLAIM FOR RELIEF AGAINST ANJANEE SEOKARRAN, INDIVIDUALLY

34. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in Paragraphs "1" through "33" of this Complaint as if fully set forth herein.

35. ERISA Section 404(a) provides that fiduciaries must discharge their duties with respect to an ERISA covered plan "solely in the interest of the participants and beneficiaries" and "for the exclusive purpose of providing benefits" and "defraying reasonable administrative expenses" 29 U.S.C. Section 1104 (a)(1)(A).

36. ERISA Section 404(a) also provides that fiduciaries must discharge their duties "in accordance with the documents and instruments governing the plan insofar as such documents and instruments" are consistent with federal law, 29 U.S.C. Section 1104(a)(1)(D).

37. As a result of the work performed by Defendants under the Agreement, Defendants, upon information and belief, received substantial sums of money related to the work performed, which intended to pay, among other things, the wages and benefits of employees furnishing and supplying the labor.

38. By exercising control over assets belonging to the Funds, the Individual Defendant is a fiduciary with respect to the Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. Section 1002(21)(A).  The Individual Defendant is a fiduciary with respect to the plan assets that he failed to timely pay into the Funds.

39. Upon information and belief, Individual Defendant owned, controlled and dominated the affairs of the Corporate Defendant and carried on the business of the Corporate Defendant for his own personal ends.

40. Upon information and belief, Individual Defendant had managerial discretion and control over Corporate Defendant, made all decisions on behalf of the Corporate Defendant, signed contracts governing the Corporate Defendant, signed bank checks for the Corporate Defendant, and made all decisions concerning payments by the Corporate Defendant.

41. Upon information and belief, Individual Defendant determined which creditors the Corporate Defendant would pay, determined when the Plaintiffs' Funds would be paid, determined how much money would be paid to the Plaintiffs' Funds, and exercised control over money due and owing to the Plaintiffs' Funds.

42. Upon information and belief, Individual Defendant commingled assets of the Plaintiffs' Funds with the Corporate Defendant's general assets and used the Plaintiffs' Funds' assets to pay other creditors of the Corporate Defendant rather than forwarding the assets to the Plaintiffs' Funds.

43. By failing and refusing to turn over to the Plaintiffs' Funds the contributions, which are property of the Funds, the Corporate Defendant and Individual Defendant have converted the property of the Funds.

44. Upon information and belief, while retaining Plaintiffs' Funds' contributions, Individual Defendant diverted the Plaintiffs' Funds' assets for his own personal use.

45. By withholding contributions from Plaintiffs' Plans, Individual Defendant is individually and personally liable for the violations of ERISA Section 404 described herein, 29 U.S.C. Section 1104.

46. By withholding the contributions from the Funds, Individual Defendant received and retained for his own personal use and benefit, monies which were rightfully assets of the Funds in violation of ERISA Section 404(a)(1)(A), 29 U.S.C. Section 1104(a)(1)(A).

47. By withholding the contributions from the Plaintiffs' Funds, Individual Defendant failed to abide by the instruments governing the Funds in violation of ERISA Section 404(a)(1)(D), 29 U.S.C.

Section 1104(a)(1)(D).

48. As a result of the breaches of fiduciary duty described above, Individual Defendant is liable to the Funds for the amounts set forth herein which include contributions, interest, liquidated damages and the costs and fees of collection and the Individual Defendant must singly and jointly disgorge to the Funds said converted assets.

## AS AND FOR A FOURTH CLAIM FOR RELIEF
## AGAINST ANJANEE SEOKARRAN, INDIVIDUALLY

49. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in Paragraphs "1" through "48" of this Complaint as if fully set forth at length herein.

50. Absent an exemption, ERISA Section 406(a) makes it unlawful for fiduciaries to permit ERISA covered plans to engage in certain transactions with parties in interest, including transactions that exchange property or extend credit, 29 U.S.C. Section 1106(a)(1)(A) and (B). Absent an exemption, ERISA Section 406(b) makes it unlawful for fiduciaries to deal with plan assets for his personal account, 29 U.S.C. Section 1106(b)(1) - (3).

51. At all times relevant herein, Individual Defendant was party in interest with respect to the Plaintiffs' Funds because he was a fiduciary, employer, or owner within the meaning of ERISA Section 3(14)(A),(C) and (E), 29 U.S.C. Section 1002(14)(A), and (E).

52. By withholding the contributions from the Plaintiffs' Funds, Individual Defendant dealt with plan assets in his own interest and/or exchanged property or extended credit from plan assets for his own personal use and benefit in violation of ERISA Sections 406(a) and (b), 29 U.S.C. Section 1106(a) and (b).

53. By retaining assets of the Plaintiffs' Funds for his own use, said Individual Defendant as fiduciary has breached the fiduciary obligations owed to the Plaintiffs' Funds and committed prohibited transactions within the meaning of Part 4 of Subchapter I of Chapter 18 of Title 29 of the United States

Code, 29 U.S.C. Section 1101 *et seq.*

54. The Individual Defendant is singly and jointly and individually liable to make restitution to the Funds in the amounts as are set forth herein, no part of which has been paid.

55. As a result of the breaches of fiduciary duty described above, Individual Defendant is liable to the Plaintiffs' Funds for the amounts set forth herein which include contributions, interest, liquidated damages, and the costs and fees of collection.

**AS AND FOR A FIFTH CLAIM FOR RELIEF**
**AGAINT AIRWISE HEATING & COOLING INC.**
**AND ANJANEE SEOKARRAN, INDIVIDUALLY**

56. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in Paragraphs "1" through "55" of this Complaint as if set forth at length herein.

57. Pursuant to ERISA, the Agreement and Policy, the Employer is required to timely submit current fringe benefit contributions and reports to Plaintiffs.

58. Upon information and belief, the Employer has in the past failed to timely submit current fringe benefit contributions and reports to Plaintiffs and is in breach of the statutory obligations under ERISA, the Agreement and Policy.

59. During the course of the instant action, additional contributions and/or delinquency charges may become due and owing.  If Defendants fail to pay the contributions and/or delinquency charges, as part of this action, at the time of trial or judgment, whichever is later, those additional amounts should be included.

**WHEREFORE**, Plaintiffs respectfully pray for Judgment against Defendants as follows:

On the First, Second, Third and Fourth Claims for Relief:

    (a) In the minimum principal amount of $9,088.09 representing benefit fund contributions for the period May 5, 2016 through to and including September 7, 2016 and $520.37 representing late charges for the period July 15, 2015 through to and including September 16, 2015, plus

interest, liquidated damages, attorneys' fees, court costs and disbursements all in accordance with the Collective Bargaining Agreement and the Policy for Collection of Delinquent Contributions.

On the Fifth Claim for Relief:

(b) Damages in the amount of any additional contributions and/or delinquency charges which may become due and owing during the course of the instant action, which amount shall include the principal, plus interest and liquidated damages.

On all Claims for Relief:

(c) For such other and further relief as to the Court deems appropriate.

Dated:  Elmsford, New York
        September 16, 2016

Respectfully submitted,

BARNES, IACCARINO &
SHEPHERD LLP

Dana L. Henke, Esq.
Attorneys for Plaintiffs
258 Saw Mill River Road
Elmsford, New York 10523
(914) 592-1515